IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEMETRIA AMBROSE, on behalf of herself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>NORTHSTAR MEMORIAL GROUP, LLC, and NORTHSTAR FUNERAL SERVICES OF TENNESSEE, LLC d/b/a MEMORIAL PARK FUNERAL HOME,<br><br>Defendants. | Civil Action No. _____<br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff Demetria Ambrose ("Plaintiff"), on behalf of herself and other similarly situated persons or employees, brings this collective action lawsuit against Defendants NorthStar Memorial Group, LLC, ("Defendant NSMG") and NorthStar Funeral Services of Tennessee, LLC d/b/a Memorial Park Funeral Home ("Defendant NorthStar Funeral") (collectively "Defendants") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own acts and on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## **PARTIES**

3. Plaintiff Demetria Ambrose is a citizen and resident of the State of Tennessee with her residence located at 5958 Austin Cove, Bartlett, TN 38134.

4. Defendant NSMG is a Delaware Limited Liability Company. Defendant NSMG maintains its principal place of business in the United States at 1900 St. James Place, Suite 200, Houston, Texas 77056. Defendant NSMG's Registered Agent for Service of Process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant NSMG is the parent company of Defendant NorthStar Funeral and is responsible for the pay and human resources functions of over 50 subsidiary or affiliate funeral and/or cemetery locations in various states throughout the United States pursuant to common business, pay and human resources practices.

5. Defendant NorthStar Funeral is a Delaware corporation. NorthStar Funeral maintains its principal place of business in the United States at 1900 St. James Place, Suite 200, Houston, Texas 77056. Defendant NorthStar Funeral's Registered Agent for Service of Process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

6. Defendant NorthStar Funeral operates a funeral home located in Memphis, Shelby County Tennessee, which does business under the name Memorial Park Funeral Home.

7. Defendants' gross annual operating revenues exceed $500,000.00.

8. Defendants are employers covered by the FLSA, 29 U.S.C. § 201 *et seq.*

## **FACTS**

9. Defendant NSMG owns and operates over 50 funeral or cemetery locations located in Tennessee, Florida, California, Hawaii, Illinois, Ohio, Oklahoma and Washington.

10 Each of Defendants' funeral or cemetery locations is staffed by one or more Funeral Directors.

11. Defendants, pursuant to their common business practices, generally pay Funeral Directors on a salary basis.

12. Defendants, pursuant to their common business practices, generally require Funeral Directors to work over 40 hours per workweek.

13. Defendants, pursuant to their common business practices, generally fail to pay Funeral Directors overtime premium compensation for hours worked over 40 during the workweek.

14. The common business practices addressed in paragraphs 8 through 12 apply to all of Defendants' funeral or cemetery locations.

15. From approximately 1992 until approximately November 30, 2010, Plaintiff was employed by Defendant NorthStar Funeral (or its predecessors) with the job title Funeral Director at the Memorial Park Funeral Home location in Memphis, Tennessee.  Although Plaintiff's job title was "Funeral Director" the work she was required to perform did not require advanced knowledge that related to a field of science or learning.  Nor did Plaintiff's job require

3

that she use knowledge that is customarily acquired by a prolonged course of specialized intellectual instruction.

16. From approximately 1992 until March 27, 2010, Plaintiff was paid on an hourly basis. On March 16, 2010, Plaintiff was advised that effective March 27, 2010, she would be paid on a salary basis and that she would no longer be eligible to receive overtime pay for hours worked over 40 hours in a workweek.

17. Upon information and believe, on or about March 16, 20120, NSMG notified other employees who held the position title of Funeral Director of its common policy and practice that they would no longer be eligible to receive overtime pay for hours worked in excess of 40 hours in a workweek, which was made effective as of March 27, 2010.

18. Like other employees of Defendants with the job title of Funeral Director, Plaintiff was still required to work over 40 hours per workweek.

19. Further, in March 2010, Plaintiff was advised that although she would retain the job title of "Funeral Director," she would no longer be performing the same job duties. Instead, she was assigned: (1) to go through all customer files, (2) to check balances, (3) to check insurance information; and (4) to perform other duties wholly unrelated to the duties assigned to an employee of Defendants holding the job title of Funeral Director. The duties assigned to Plaintiff in March 2010 were of a clerical nature only.

20. Throughout Plaintiff's employment with Defendant NorthStar Funeral, Plaintiff's actual job duties consisted of the performance of non-exempt work only.

21. Like other employees of Defendants with the job title of Funeral Director, Plaintiff received no overtime premium compensation for hours worked over 40 during the workweek after March 27, 2010.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this lawsuit as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all salaried Funeral Directors employed by Defendants at any of its funeral or cemetery locations during any workweek within the appropriate limitations period.

23. Plaintiff and other class members are similar situated, as that term is defined under 29 U.S.C. § 216(b) and the associated case law, *see, e.g., O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) because *inter alia*, they all were subjected to Defendant's common company practice of regularly requiring salaried Funeral Directors to work over 40 hours per work week without receiving any overtime premium compensation as required by the FLSA.

## COUNT I

24. All previous paragraphs are incorporated as though fully set forth herein.

25. Defendants are employers covered by the FLSA.

26. Plaintiff and the class members are entitled to the FLSA's protections.

27. The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

5

28. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

29. Defendants violated the FLSA by failing to pay Plaintiff and the class members any compensation, including overtime premium compensation, for hours worked over 40 during each workweek.

30. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief on behalf of herself and other similarly situated employees:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members apprising them of the pendency of this action and permitting them to join this action;

C. Unpaid wages, including overtime wages, and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated damages to the fullest extent permitted under the law;

      E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

      F.      Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

                          Respectfully submitted:

                          /s/JAMES M. SIMPSON
                          JAMES M. SIMPSON, BPR 015023
                          SHAWN R. LILLIE, BPR 014939
                          HEATHER W. FLETCHER, BPR 016945
                          ALLEN, SUMMERS, SIMPSON, LILLIE &
                          GRESHAM, PLLC
                          80 Monroe Avenue, Suite 650
                          Memphis, Tennessee 38120
                          Telephone:  (901) 763-4200
                          Facsimile:   (901) 684-1768

                          ATTORNEYS FOR PLAINTIFF