IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DEMETRIA AMBROSE,

    Plaintiff,

v.                                                       Case No. 2:12-cv-02278 STA-dkv

NORTHSTAR MEMORIAL GROUP, LLC,
NORTHSTAR FUNERAL SERVICES OF TN,
LLC d/b/a MEMORIAL PARK

    Defendants.

---

ANSWER TO COMPLAINT AND
MOTION TO DISMISS COLLECTIVE ACTION

---

    COMES NOW the Defendants, NorthStar Memorial Group, LLC and NorthStar Funeral Services of Tennessee, LLC (collectively, "NorthStar") and in response to the Complaint filed in this matter, responds as follows:

    In response to the numbered paragraph contained in the Complaint, Northstar responds as follows:

    1.    The Defendants admit that this Court has jurisdiction, but denies that it is in any way liable to the Plaintiff under the terms of the FLSA.

    2.    The Defendants admit that venue is proper.

    3.    The allegations contained in paragraph 3 of the Complaint are hereby admitted.

    4.    The allegations contained in paragraph 4 of the Complaint are hereby admitted.

5. The allegations contained in paragraph 5 of the Complaint are hereby admitted.

6. The allegations contained in paragraph 6 of the Complaint are hereby admitted.

7. The allegations contained in paragraph 7 of the Complaint are hereby admitted.

8. The allegations contained in paragraph 8 of the Complaint are hereby admitted.

9. This allegations contained in paragraph 9 of the Complaint are hereby admitted.

10. The allegations contained in paragraph 10 of the Complaint are hereby denied

11. The allegations contained in paragraph 11 of the Complaint are hereby denied.

12. The allegations contained in paragraph 12 of the Complaint are hereby denied.

13. The allegations contained in paragraph 13 of the Complaint is hereby denied.

14. The allegations contained in paragraph 14 of the Complaint are hereby denied.

15. The Defendants admit that Plaintiff was employed by them from the time that they purchased Memorial Park until November 30, 2010 as a funeral director. The rest of the allegations contained in paragraph 15 of the Complaint are hereby denied.

16. Defendants admit that from the time that they purchased Memorial Park until March 27, 2010, the Plaintiff was paid on an hourly basis and that thereafter she was paid on a salary basis, consistent with the terms and regulations under the FLSA pertaining to funeral directors.

17. Defendants admit that some of the funeral directors employed by NorthStar are paid on a salary basis, consistent with the terms and regulations of the FLSA. The rest of the allegations contained in paragraph 17 of the Complaint are hereby denied.

18. The allegations contained in paragraph 18 of the Complaint are hereby denied.

19. The allegations contained in paragraph 19 of the Complaint are hereby denied.

20. The allegations contained in paragraph 20 of the Complaint are hereby denied.

21. Defendants admit that Plaintiff received no overtime compensation after March 27, 2010 until her termination of employment. The rest of the allegations contained in paragraph 21 of the Complaint are hereby denied.

22. This Defendant denies that this lawsuit as pled, or based upon the allegations contained in the Complaint, contains facts sufficient to support a collective action under the FLSA.

23. The allegations contained in paragraph 23 are hereby denied.

24. All of the responses to the previous paragraphs are incorporated herein as though fully set forth verbatim.

25. Defendants admit that they are "employers" as that term is defined by the FLSA, but deny that they are in any way in violation of the Act.

26. The allegations contained in paragraph 26 of the Complaint are hereby denied. Pleading further, Defendants would show that, in the event Plaintiff is a proper employee to bring a claim under the FLSA, that there are no other similarly situated employees employed by Defendants.

27. The allegations contained in paragraph 27 of the Complaint are hereby denied. Further, the allegations contained in this paragraph call for a legal conclusion, and are not properly subject to an admission or denial.

28. Defendants admit that § 207(a)(1) of the FLSA is properly quoted, however, Defendants deny that that section is applicable to this case.

29. The allegations contained in paragraph 29 of the Complaint are hereby denied.

30. The allegations contained in paragraph 30 of the Complaint are hereby denied.

31. All of the allegations contained in the Complaint not heretofore specifically admitted or denied are here and now denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all work time, but should it be determined that some hours of work were not properly paid, which is specifically denied, then such amount was negligible and, hence, was *de minimis*; the Court should not give cognizance to the amount and should deny any recovery for such claim.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all work time inasmuch as that she is exempt from the wage and hour overtime provisions pursuant to her status as a funeral director. Accordingly, no claim for overtime is proper.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that should it have failed to pay any overtime to Plaintiff(s), which is specifically denied, any omission was committed in good faith and upon reasonable grounds for believing that such act or omission was not in violation of the law. NorthStar accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff(s) should any omission have occurred.

**FOURTH AFFIRMATIVE DEFENSE**

As to Plaintiff Ambrose, said Plaintiff was exempt employee during the period at issue and, therefore, is not entitled to overtime compensation inasmuch as said Plaintiff was employed as a bona fide funeral director.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's request for a collective action should be dismissed as Plaintiff has failed to identify any other employee who wishes to "opt-in." Plaintiff's only support for her collective action is her conclusory statements as to the existence of other funeral directors employed by Defendants who do not perform those duties required of a funeral director.  This is insufficient to support a collective action and should therefore be dismissed.

Now, having answered fully, NorthStar would show that this Complaint filed against it should be dismissed and that it be allowed to go hence with its reasonable costs.

**MOTION TO DISMISS**

COMES NOW the Defendants, NorthStar moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted to the extent that Plaintiff attempts to state a collective action pursuant to 29 U.S. C. § 216(b).

To wit, the Defendants would show, without limitation, that Plaintiff's request for a collective action is defective on its face as only one plaintiff is identified as a potential claimant. This Court has previously held that a viable collective action under § 216(b) requires more than a single named plaintiff in order to support a collective action claim.  Plaintiff has failed to show that any other employee of the Defendants desires to "opt-in" to the collective action and pursue

litigation.  The failure of this central issue is fatal to a collective action under §216(b).  See, *Frye v. Baptist Mem'l Hosp., Inc.*, 2008 WL 6653632 at *6 (W.D. Tenn. 2008), *citing Dybach v. State of Florida Dep't of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991).  *See also*, *Carter v. Jackson-Madison County Hosp. Dist.*, 2011 WL 1256625 (W.D. Tenn. 2011). The interest of other employees in joining the litigation is relevant to whether or not to put an employer to the expense of notice to a conditionally certified class.  *Simmons v. T-Mobile* USA, Inc., 2007 WL 210008 at *9 (S.D. Tex. 2007).  As this claim is filed by the Plaintiff alone, her request for a collective action should be dismissed.

For this reason alone, the Court should grant the Defendant's Motion to Dismiss the Plaintiff's alleged collective action pled in her complaint.  The Defendants reserve the right to amend and augment this Motion as justice requires.  The Defendants also reserve the right to address the merits of the Plaintiff's individual claim.

WHEREFORE, NorthStar prays the Court as follows:

1. Plaintiffs have and recover nothing from Defendant;

2. That the cost of this action, including any reasonable attorney's fees, be taxed against the Plaintiffs; and

3. That the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,
EVANS | PETREE PC

/s/ Michael R. Marshall
Michael R. Marshall         #15225
1000 Ridgeway Loop Road
Suite 200
Memphis, Tennessee 38120
(901) 525-6781

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system James M. Simpson, Shawn R. Lillie, 80 Monroe Ave., Suite 650, Memphis, Tennessee 38120, this the 10th day of May, 2012.

                          /s/ Michael R. Marshall
                          Michael R. Marshall