## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **DEMETRIA AMBROSE, on behalf of herself** | ) |
| **and similarly situated employees,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **No. 12-2278-STA-dkv** |
| | ) |
| **NORTHSTAR MEMORIAL GROUP, LLC., and** | ) |
| **NORTHSTAR FUNERAL SERVICES OF TN,** | ) |
| **LLL d/b/a MEMORIAL PARK FUNERAL HOME** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Northstar Memorial Group, LLC's Motion to Dismiss (D.E. # 8), filed on May 10, 2012. Plaintiff filed a Response (D.E. # 10) on June 7, 2012. For the following reasons, Defendant's Motion is **DENIED**.

## BACKGROUND

Plaintiff filed her Complaint on behalf of herself "and other similarly situated persons or employees" to recover for violations of the Fair Labor Standards Act ("FLSA"). (Compl., D.E. # 1, at 1.) Plaintiff sought to bring this action on behalf of all salaried Funeral Directors employed by Defendants who meet the appropriate requirements. (*Id.* at 5.) In her Prayer for Relief, Plaintiff requested the Court to allow this action to proceed as a collective action pursuant to 29 U.S.C. § 216(b), to notify all class members of this action, and to recover any unpaid wages. (*Id.* at 6.)

Although the Complaint does not identify any other similarly situated employees by name, it contains multiple references to other employees who worked in the same conditions as Plaintiff.  For example, Plaintiff alleges that Defendant notified other employees with the title of Funeral Director that they would not receive overtime pay for hours worked in excess of forty per week.  (*Id.* ¶ 17.)  Additionally, "like other employees of Defendants with the job title of Funeral Director, Plaintiff was still required to work over [forty] hours per workweek."  (*Id.* ¶ 18.)  Similarly, Plaintiff avers that she received no overtime premium compensation during the workweek after March 27, 2010, "[l]ike other employees of Defendants with the job title of Funeral Director."  (*Id.* ¶ 21.)  Plaintiff also stated that she brought the lawsuit as a collective action pursuant to § 216(b) and that she and the other class members are similarly situated.  (*Id.* ¶ 22-23.)  Plaintiff also alleged that Defendants violated the FLSA by failing to pay her and other similarly situated class members the proper amount of overtime compensation, and she requested relief "on behalf of herself and other similarly situated employees."  (*Id.* at 6.)

Due to the narrow issue presented by Defendant's Motion, many of the specific facts supporting Plaintiff's claims are not relevant and therefore will not be recited here.  Defendant runs a funeral home in Memphis, Tennessee, which operates under the name Memorial Park Funeral Home.  (Def.'s Ans., D.E. # 8, at 2.)  In its Motion, Defendant admits that it qualifies as an employer under the FLSA, but Defendant denies any wrongdoing or violation of the FLSA. (*Id.*)  Furthermore, Defendant asserts that Plaintiff's Complaint does not meet the requirements for a collective action under § 216(b) because it does not identify more than one plaintiff by name.  (*Id.* at 5.)  Therefore, Defendant has now moved for dismissal of the Complaint's

2

collective action allegations, which would effectively prohibit Plaintiff from filing a Motion for Conditional Certification.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Here, Defendant appended its Motion to Dismiss to its Answer.  But because the Answer preceded the Motion to Dismiss, even though they form part of the same document, the Court will treat this Motion as a Motion for Judgment on the Pleadings under Rule 12(c).[1]  When a motion to dismiss for failure to state a claim is raised in a Rule 12(c) motion for judgment on the pleadings, courts apply the standard for reviewing a 12(b)(6) motion.[2]

When considering a Rule 12(b)(6) motion, the court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[3]  However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences, including "conclusory allegations," need not be accepted as true.[4]  To avoid dismissal under Rule 12(b)(6),

---

[1]     *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(h)(2).

[2]     *See Morgan*, 829 F.2d at 11.

[3]     *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

[4]     *Id.*

"the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[5]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[6]  Although this standard does not require "detailed factual allegations," the standard  does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[7]  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## ANALYSIS

Under § 216(b) of the FLSA, an employee may seek judicial enforcement of the FLSA's provisions by initiating a collective action against the employer "for and [o]n behalf of himself . .

---

[5]     *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[6]     Fed. R. Civ. P. 8(a)(2).

[7]     *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[8]     *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[9]     *Iqbal,* 129 S. Ct. at 1949.

4

. and other employees similarly situated."[10]  Section 216(b) aims to "facilitate intervention by other employees and to allow representation by the plaintiff for the purposes of avoiding multiplicity of actions."[11]  In a § 216(b) collective action, a plaintiff must show that he or she sits in a similarly situated position as compared to other employees.[12]  Most courts agree that at the initial stages of a § 216(b) action, such as the conditional certification stage, the plaintiff does not carry a heavy burden to show how he or she is similarly situated to other employees.[13]

However, these general principles do not relate to how much specific identifying information FLSA collective action complaints must contain to permit a plaintiff to file a motion for conditional certification.  The Sixth Circuit has not articulated a standard for the number of individuals required to be named in a § 216(b) complaint.  However, the Eleventh Circuit has noted that the similarly-situated standard does not require a plaintiff to name a specific number of employees willing to opt in to establish a sufficient interest in the collective action.[14]

In its Motion, Defendant alleges that Plaintiff's Complaint is defective because the Complaint only identifies one named plaintiff and does not identify other individuals by name who would be similarly situated to Plaintiff.  Thus, Defendant urges the Court to dismiss the

---

[10]     29 U.S.C. § 216(b); *see Cloughtery v. James Verner Co.,*187 F.2d 288, 290 (6th Cir. 1951); *Harrison v. McDonald Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005).

[11]     *Cloughtery*, 187 F.2d at 290.

[12]     *Id.*

[13]     *See Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595-96 (S.D. Ohio 2002).

[14]     *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991).

collective action component of Plaintiff's Complaint.[15]  To support its claim, Defendant has cited several federal decisions allegedly standing for the proposition that courts should dismiss the collective action component of an FLSA action if a plaintiff cannot show the other employees' desire to opt into the collective action.[16]

In response, Plaintiff asserts that she has pled sufficient facts to continue to the collective action certification stage of the proceeding.[17]  First, Plaintiff alleges that Defendant seeks to prevent the use of court-authorized mechanisms to identify other similarly situated employees who want to opt into her case.[18]  Next, Plaintiff argues that being required to identify potential members of the collective action class by name in the Complaint defeats the purpose of the collective action process.[19]  Finally, Plaintiff distinguishes Defendant's cited cases and argues that they are inapplicable to this stage of litigation.[20]

---

[15]     (Def.'s Mot., D.E. # 8, at 5-6.)

[16]     (*Id.*)

[17]     (Pl.'s Resp., D.E. # 10, at 2.)  Additionally, Plaintiff argues that Defendant's Motion should be denied because Defendant did not file a supporting memorandum of facts and law as required by Local Rule 7.2.  Although Defendant's Motion fails to comply with Local Rule 7.2, which requires "[t]he Clerk [to] accept for filing only those Motions in civil cases that include or are accompanied by a supporting memorandum of facts and law (so identified)," the Court will consider Defendant's Motion on the merits.  However, Defendant is cautioned to adhere to the Local Rules in all of its future filings.  Appending a three-paragraph Motion to Dismiss to an Answer will not do and is improper and wholly unprovided for under the Local Rules.

[18]     (*Id.* at 2.)

[19]     (*Id.*)

[20]     (*Id.* at 3.)

6

The Court finds that Defendant has inaccurately portrayed the level of pleading specificity required to permit a plaintiff to file a collective action certification motion.  According to Defendant, plaintiffs would be required to name at least one other member of the potential collective action class in their complaints.  Neither this Court nor the Sixth Circuit require such information at the pleading stage, and Defendant's cited authority does not indicate otherwise. *Frye*, *Dybach*, *Carter*, and *Simmons* involve the merits of motions for conditional certification, not the pleading allegations necessary to allow a plaintiff to file a motion for conditional certification.

Just as the similarly situated conditional certification requirement is subject to evidentiary standards, a complaint alleging an FLSA collective action on behalf of oneself and others similarly situated is subject to pleading standards.  The Sixth Circuit recently reaffirmed that evidentiary standards are not to be confused with pleading requirements,[21] and the Court will not confuse the evidentiary requirement of the similarly situated standard with the pleading requirements necessary to set forth a collective FLSA action in a complaint.  Moreover, the FLSA's text itself demonstrates the fallacy of Defendant's arguments.  Section 216(b) authorizes a single employee to bring an action on his or her own behalf or on behalf of "[himself or herself] and others employees similarly situated."  Therefore, the FLSA's text expressly provides for complaints with allegations analogous to those in Plaintiff's Complaint.

_____

[21]     *See Keys v. Humana, Inc.*, No. 11-5472, 2012 WL 2505534 (6th Cir. July 2, 2012) (publication forthcoming).

7

Accordingly, the Court finds that Plaintiff's Complaint adequately sets forth specific facts sufficient to permit the case to proceed to the conditional certification stage. Plaintiff alleged repeatedly she and others similarly situated to her suffered violations of their rights under the FLSA. Taking those allegations as true, Plaintiff has given Defendant notice of her intent to pursue collective certification, which is all the Rule 8 requires. Because conditional certification depends on the Court's consideration of evidence provided by Plaintiff, the Court will not permit Defendant to defeat Plaintiff's potential collective action at the pleading stage without the benefit of such evidence. If Defendant wishes to defeat Plaintiff's collective action allegations, it must successfully oppose Plaintiff's Motion for Conditional Certification or move to decertify the class at the end of the opt-in notice period.[22] Therefore, Defendant's Motion to Dismiss is **DENIED**.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

**s/ S . Thomas Anderson**
S.  THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   August 24, 2012.

---

[22]     The Court expresses no opinion on Plaintiff's Motion for Conditional Certification, which is currently pending before the Court.

8
